IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHEALLA HUGGETT, Individually )      CASE NO. 7:10-cv-5006
and as Mother and Next Friend of )
L.H., a minor child, )
                              )      Removed from Dawes County, NE
       Plaintiff, )      Dawes County Case No. CI 10-37
                              )
                              )
vs. )
                              )
CAMI-AUTOMOTIVE, INC., SUZUKI )
MOTOR CORPORATION, GENERAL )
MOTORS OF CANADA, LIMITED, )
                              )
       Defendants. )

**DEFENDANT GENERAL MOTORS OF CANADA LIMITED'S**
**NOTICE OF REMOVAL**

**JURY TRIAL DEMANDED PURSUANT TO NECivR 38.1**

Defendant General Motors of Canada Limited (GM of Canada) hereby removes this action from the District Court of Dawes County, Nebraska, to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and shows this Court as follows:

**BACKGROUND**

1.       Michealla Huggett, individually and as next friend of L.H., a minor child (Plaintiff), initiated this action by filing her Complaint on or about April 7, 2010 in the District Court of Dawes County, Nebraska (Case No. CI-1037). *See* Complaint (Ex. 1).[1]

2.       Plaintiff alleges L.H. suffered injuries in an accident involving a 1997 Geo Metro which occurred on May 15, 2007. *Id.* at ¶ 7, p. 2 (Ex. 1).

---

[1] As Plaintiff alleges L.H. is a minor child, *see* Complaint at ¶ 5, p. 2 (Ex. 1), the minor's name has been redacted from Plaintiff's Complaint pursuant to FED. R. CIV. P. 5.2(a) and NECivR 5.0.3(a).

3.    Plaintiff alleges the airbag and restraint system of the 1997 Geo Metro were negligently designed and manufactured by GM of Canada, Suzuki Motor Corporation and CAMI Automotive Inc. (Defendants).  *See id.* at ¶¶ 10-17, pp. 3-7.

4.    Plaintiff alleges negligence and strict liability actions against the Defendants.  *Id.*

## JURISDICTION

5.    Plaintiff is a resident of Dawes County, Nebraska.  Complaint at ¶ 1, p. 1 (Ex. 1)

6.    GM of Canada is a Canadian corporation.  Complaint at ¶ 4, p. 1 (Ex. 1).   GM of Canada is organized and exists under the laws of Canada with its principal offices located in Oshawa, Ontario, Canada.

7.    Defendant CAMI Automotive Inc., is a Canadian corporation.  Complaint at ¶ 2, p. 1 (Ex. 1).  Defendant CAMI Automotive Inc., is organized and exists under the laws of Canada, with its principal place of business in Ingersoll, Ontario, Canada.

8.    Defendant Suzuki Motor Corporation is a foreign corporation with its principal offices located in Hamamatsu, Japan.  *See* Complaint at ¶ 3, p. 1 (Ex. 1).  Defendant Suzuki Motor Corporation is organized and exists under the laws of Japan.

9.    Complete diversity of citizenship between the parties exists, and that diversity existed at the time this lawsuit was commenced as required pursuant to 28 U.S.C. § 1332(a)(2).

10.   Plaintiff seeks damages consisting of "past medical expenses in the amount of at least $111,000.00, future medical expenses, lost income capacity, loss of enjoyment of life, mental anguish and pain and suffering, past, present and future."  Complaint at ¶ 18, p. 7 (Ex. 1).

11.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required pursuant to 28 U.S.C. § 1332(a).

12.    As complete diversity of citizenship existed between the parties when Plaintiff filed her Complaint, and as the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

### OTHER PROCEDURAL MATTERS

13.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it was filed within 30 days after GM of Canada received a copy of the Complaint on April 14, 2010, via commercial express courier.[2]

14.    The District Court for Dawes County, Nebraska is within the jurisdiction of the United States District Court for the District of Nebraska, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 107.

15.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon GM of Canada in the District Court for Dawes County, Nebraska, in Case No. CI-1037, are attached. *See* Ex. 2. There are no motions or matters pending in the State court that will require resolution by this Court.

---

[2] Service upon a foreign defendant via commercial express courier fails to conform with Rule 4(h) of the Federal Rules of Civil Procedure and the mandatory requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Hague Convention), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163, *reprinted in* 28 U.S.C.A. FED. R. CIV. P. 4, at 267 (West 2008). Defendant CAMI Automotive Inc., received a copy of the Complaint via US and Canada postal service express mail on April 14, 2010. Defendant Suzuki Motor Corporation received a copy of the Complaint on April 15, 2010, via U.S. Postal Service, Express Mail. Plaintiff's chosen manner of service upon those Defendants also is not proper under the Hague Convention. "Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction...." *Nationwide Eng'g & Control Sys., Inc., v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1395 (1969)). GM of Canada specifically reserves all of its defenses and objections under FED. R. CIV. P. 12(b), and will raise such in a timely responsive pleading filed within the time limits under FED. R. CIV. P. 81(c)(2)(C).

16.   GM of Canada will file a copy of this Notice of Removal with the Clerk of the District Court of Dawes County, Nebraska, in which the action is currently pending, and a copy of the Notice of Removal is being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d) and NECivR 5.4.

17.   Although Plaintiff's Complaint fails to demand trial by jury, pursuant to FED. R. CIV. P. 81(c)(3), Defendants hereby make their demand for jury trial before this Court.

18.   Pursuant to NECivR 40.1(b) hereby requests trial in North Platte.

### CONSENT OF ALL DEFENDANTS

19.   The undersigned counsel have been retained to represent each of the named Defendants in this matter.

20.   Defendant Suzuki Motor Corporation hereby consents to this Notice of Removal, and specifically reserves all its defenses and objections under FED. R. CIV. P. 12(b), and will raise such in a timely responsive pleading filed within the time limits under FED. R. CIV. P. 81(c)(2)(C). *See, e.g., Nationwide Eng'g & Control Sys., Inc.*, 837 F.2d at 347-48.

21.   Defendant CAMI Automotive Inc., hereby consents to this Notice of Removal, and specifically reserves all its defenses and objections under FED. R. CIV. P. 12(b), and will raise such in a timely responsive pleading filed within the time limits under FED. R. CIV. P. 81(c)(2)(C). *See, e.g., Nationwide Eng'g & Control Sys., Inc.*, 837 F.2d at 347-48.

WHEREFORE, GM of Canada respectfully removes this action from the District Court of Dawes County, Nebraska, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

4

GENERAL MOTORS OF CANADA LIMITED, SUZUKI MOTOR CORPORATION, AND CAMI AUTOMOTIVE, INC., Defendants,

BY:    SHIVELY & LANNIN, P.C., L.L.O.
        Their Attorneys
        4400 South 86th Street, Suite 100
        Lincoln, Nebraska 68526
        (402) 488-5044
        rshively@shivelylaw.com

BY:    /s Robert W. Shively
        Robert W. Shively, #18166

and

ELDRIDGE COOPER STEICHEN & LEACH P.L.L.C.
Mary Quinn Cooper, Oklahoma # 11966
mcooper@ecslok.com
Andrew L. Richardson, #16298
arichardson@ecslok.com
P.O. Box 3566
Tulsa, Oklahoma 74101-3566
(918) 388-5555 FAX (918) 388-5654

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of May, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Michael J. Javoronok
> Monte L. Neilan
> Kristine R. Cecava
> Javoronok & Neilan
> 2425 Circle Drive, Suite 100
> Scottsbluff, NE  69631
> mjjlaw@aol.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Stephen E. Van Gaasbeck
> Attorney at Law
> 5511 I-10 West, Suite 2
> San Antonio TX  78201
> sevg@aol.com

> s/ Robert W. Shively
> Robert W. Shively, #18166

Case No. _CI 10-37_

IN THE DISTRICT COURT OF DAWES COUNTY, NEBRASKA

MICHEALLA HUGGETT, Individually )
as Mother and Next Friend of )
       a minor child, )

    Plaintiff, )

vs. )

CAMI-AUTOMOTIVE, INC., SUZUKI )
MOTOR CORPORATION, GENERAL )
MOTORS OF CANADA, LIMITED, )

    Defendants. )

**COMPLAINT (LAW)**

APR 07 2010

CLERK OF THE DISTRICT COURT
DAWES COUNTY, NEBRASKA

     COMES NOW the plaintiff, and for her cause of action against defendants, alleges as follows:

1.    Plaintiff is a resident of Dawes County, Nebraska.

2.    The defendant, CAMI-AUTOMOTIVE, INC. (hereinafter "CAMI" or "Manufacturer"), is a Canada corporation, doing substantial business within the State of Nebraska.

3.    Defendant, SUZUKI MOTOR CORPORATION (hereinafter "Suzuki" or "Manufacturer"), is a foreign corporation. Its principal offices are located at 300 Takatsuka, Manamatsu, Shizuoka 432-8611 Japan.

4.    Defendant, GENERAL MOTORS OF CANADA LIMITED (hereinafter "GM Canada" or "Manufacturer"), is a Canadian company, located at 1908 Colonel Same Drive, Main Mailing Dept. CA 1-002-002, Oshawa, Ontario LIH, 8P7 Canada.

-1-



000005382D69

EXHIBIT
**1**

5.  Plaintiff, Michealla Huggett, is the mother and next friend of                    age 7
    at the time of the accident which is the subject this action.                         was
    a passenger in the right front seat of plaintiff's Geo Metro which was being driven
    by Richard Huggett at the time of the accident.

6.  CAMI, GM CANADA, and SUZUKI (hereinafter "Manufacturers"), were at all
    times relevant to this lawsuit engaged in the business of designing,
    manufacturing, assembling, inspecting, testing, distributing, importing, marketing,
    and selling motor vehicles and their restraint systems, including, but not limited
    to, the Geo Metro series of automobiles and its related restraint systems, which
    includes the specific 1997 Geo Metro and its restraint system which are the
    subject of this action.  The Manufacturers do business in the United states and in
    the State of Nebraska.

7.  On May 15, 2007, at about 4:06 p.m. a 1997 Geo Metro driven by Richard
    Huggett was southbound on Highway 385 in Chadron, Dawes County, Nebraska.
    A 1998 Ford F-150 pickup driven by Matt Miller was westbound on 6th Avenue.
    After stopping at the stop sign at the intersection of 6th Avenue and Highway 385,
    the 1998 F-150 pickup proceeded into the intersection, pulling in front of the 1997
    Geo Metro.  The front end of the Geo Metro struck the right rear bumper of the
    1998 Ford F-150 pickup.  The airbags of the 1997 Geo Metro deployed as a
    result of this low severity collision.                    was injured by the deployment
    of the airbag into his head and body.

8.  As a direct and proximate result of the negligence of the defendant
    Manufacturers or defective design and operation of the occupant restraint

-2-

system,                        suffered permanent personal injuries which required

medical treatment and expenses to date and which will occasion the incurring of

medical expenses in the future.  In addition,                    experienced pain,

suffering, disability, humiliation, embarrassment, worry, and mental distress.

9.   A properly designed restraint system consists of complementary components,

which include, but are not limited to, items such as steering wheel, steering

column, instrument panel, safety cage, dashboard padding, roof rail padding, roof

header padding, pillar padding, knee bolsters, head rests, air bag inflators, air

bags, modules, covers/doors, seats, sensors, algorithms, belts, load limiters,

locking retractors, pretensioners, glazing, labels, warnings, and instructions.

**FIRST CAUSE OF ACTION**

**AGAINST THE MANUFACTURERS**

**(Negligence)**

10.  Paragraphs 1 through 11 are incorporated herein as if fully set forth.

11.  The defendants, CAMI, SUZUKI, and GM CANADA, hereinafter referred to as

"Manufacturers" were negligent in the design, manufacture, assembly,

inspection, testing, distribution, and sale of the airbag and restraint system in the

1997 Geo Metro in which                    was a front right seat passenger at the

time of the aforementioned accident.  Manufacturers were negligent in one or

more of the following ways:

a.   In manufacturing, supplying, and selling a motor vehicle without a proper

and adequate airbag and restraint system to protect a child of the size and

weight and other characteristics of a child such as

-3-

b.      In failing to include tethers in the passenger side airbag;

c.      In failing to include a multi-staged deployment restraint system for the passenger side, including airbag and pretensioners;

d.      Utilizing a restraint sensor system which included inadequate numbers of sensors, inadequate types of sensors, inadequate locations for sensors, insufficient device output pins, an inadequate algorithm, and improper mounting of sensors;

e.      In setting the deployment threshold for the passenger side airbag at too low a level;

f.      In failing to provide a pretensioner and failing to include one in a reasonable restraint deployment strategy;

g.      In failing to recall or retrofit the vehicle in question with a non-defective airbag and restraint system;

h.      In providing a passenger side airbag with a dangerous excursion distance, creating an unreasonable risk of injury;

i.      In providing a passenger side airbag with a dangerous deployment path, creating an unreasonable risk of injury;

j.      In producing a dangerously aggressive passenger airbag;

k.      In producing a passenger airbag sensor system which does not deploy the airbag until the passenger is inside the airbag danger zone;

l.      In providing a poorly designed seatbelt restraint, without pretensioners, internal safety components and adjustable upper anchors;

m.      In failing to provide adequate warnings or instructions to foreseeable users

-4-

such as the plaintiff as to what measures could be taken to avoid the hazards and risks of the restraint system that was provided, or how to properly and adequately protect a child of the size, weight, and other characteristics of one such as                    from the hazards of the restraint system provided;

n.    In failing to provide adequate warnings or instructions to foreseeable users such as the plaintiff as to dangers inherent in the restraint system.

12.    The negligence of the defendant Manufacturers was a proximate cause of the injuries and damages suffered by

## SECOND CAUSE OF ACTION
## AGAINST THE MANUFACTURERS
### (Strict Liability)

13.    Paragraphs 1 through 14 are incorporated herein as if fully set forth herein.

14.    The 1997 Geo Metro and its restraint system, in the vehicle in which                    was a passenger were in a defective condition when they left the possession and control of the defendant Manufacturers and were unreasonably dangerous to users.

15.    The 1997 Geo Metro and its airbag and restraint system were products defendant Manufacturers expected to and which did reach plaintiff as a user without substantial change in the condition in which they were sold.

16.    The defendant Manufacturers are strictly liable to the plaintiff as follows:

a.    The passenger side airbag was defective due to inadequate tethering;

b.    The passenger side restraint system was defective for lacking adequate

-5-

warnings;

c.   The passenger side restraint system was defective for lacking adequate instructions;

d.   The passenger side restraint system was defective for lacking a multi-stage deployments capability, including the airbag and a pretensioner;

e.   The restraint sensing system was defective in that it was not adequate to properly discriminate between low and higher speed accidents;

f.   The restraint sensing system was defective in that it was not adequate to timely deploy the airbag and restraint system;

g.   The airbag and restraint system was defective in that it would not properly protect a child of the size, weight, and other characteristics of one like

h.   The passenger side airbag and restraint system was defective in that it would deploy at an unreasonably low speed;

i.   The passenger side airbag and restraint system was defective in that its excursion distance was dangerous to the foreseeable class of occupants;

j.   The passenger side airbag and restraint system was defective in that its deployment path was dangerous to the foreseeable class of occupants;

k.   The seatbelt system was defectively designed;

l.   The airbag and restraint system was defectively designed;

m.   The seatbelt did not have an adjustable upper anchor;

n.   In failing to provide adequate warnings or instructions to foreseeable users such as the plaintiff as to what measures could be taken to avoid the

hazards and risks of the airbag and restraint system that was provided, or
how properly and adequately to protect a child of the size, weight, and
other characteristics of one such as                     from the hazards the
airbag and restraint system provided.

17.   The defective conditions made the 1997 Geo Metro, including its restraint
system, unreasonably dangerous and these conditions were a proximate cause
of the injuries and damages sustained by

## DAMAGES AND INJURIES

18.   As  result of defendant MANUFACTURERS' actions, inactions, and negligence,
suffered numerous injuries, harms, and damages including burns
to his face, abrasions to his face and ear, laceration on his face, broken wrist,
and an injury to his brachial plexus, resulting in nerve root separation and
complete loss of sensation in and use of his right arm.        has endured
surgery to graft nerves from his leg to his brachial plexus with negligible success.
He has Horner's syndrome.                     is not able to use his right arm or
hand.  He has phantom pain that is excruciating.  All of these disabilities and
limitations are permanent.  The plaintiff has incurred medical expenses for
and will continue to incur medical expenses for him into the future.

WHEREFORE plaintiff prays for a judgment against defendant Manufacturers for
for past medical expenses in the amount of at least $111,000.00, future
medical expenses, lost income capacity, loss of enjoyment of life, mental anguish and
pain and suffering, past, present, and future, and such other relief as the Court  may
deem just and equitable.

-7-

MICHEALLA HUGGETT, Individually and as
Mother and Next Friend Of
A Minor, Plaintiff,

By: _____

Michael J. Javoronok, NSBA #27027
Monte L. Neilan, NSBA #21186
Kristine R. Cecava, NSBA #15267
JAVORONOK & NEILAN
2425 Circle Drive, Suite 100
Scottsbluff, NE 69631
Phone: (308) 630-0808
Fax: (308) 630-0771
Email: mjjlaw@aol.com

And

Stephen E. Van Gaasbeck
Attorney at Law
5511 I-10 West, Suite 2
San Antonio, Texas 78201
Phone: 210/924-9294
Fax: 210/921-1973

-8-

Image ID:

| SUMMONS |
| --- |

Doc. No.     3233

IN THE DISTRICT COURT OF Dawes COUNTY, NEBRASKA
Dawes County Courthouse
451 Main Street
Chadron        NE 69337

Michealla I Huggett asMother v. Cami-Automotive, Inc.

Case ID: CI 10       37

TO:  GM of Canada Ltd.

**RECEIVED**

APR 1 4 2010

**LEGAL**

You have been sued by the following plaintiff(s):

Michealla I Huggett asMother

Plaintiff's Attorney:       Michael J Javoronok
Address:                    2425 Circle Drive, Suite 100
                            Scottsbluff, NE 69361

Telephone:                  (308) 630-0808

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  APRIL  7, 2010        BY THE COURT:   _Sharon M. Harrison_
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

         GM of Canada Ltd.
         1908 Colonel Sam Drive
         Oshawa
         Ontario, CN L1H-8P7

Method of service:  Certified Mail
Special Instructions:
Certified Mail w/ Return Receipt Requested

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.



EXHIBIT
2

Case No. *CI - 1037*

## IN THE DISTRICT COURT OF DAWES COUNTY, NEBRASKA

| | | |
|---|---|---|
| MICHEALLA HUGGETT, Individually as Mother and Next Friend of _____ a minor child, | ) ) ) ) | **COMPLAINT (LAW)** |
|     Plaintiff, | ) ) | |
| vs. | ) ) | |
| CAMI-AUTOMOTIVE, INC., SUZUKI MOTOR CORPORATION, GENERAL MOTORS OF CANADA, LIMITED, | ) ) ) ) | |
|     Defendants. | ) ) | |

COMES NOW the plaintiff, and for her cause of action against defendants, alleges as follows:

1.    Plaintiff is a resident of Dawes County, Nebraska.

2.    The defendant, CAMI-AUTOMOTIVE, INC. (hereinafter "CAMI" or "Manufacturer"), is a Canada corporation, doing substantial business within the State of Nebraska.

3.    Defendant, SUZUKI MOTOR CORPORATION (hereinafter "Suzuki" or "Manufacturer"), is a foreign corporation. Its principal offices are located at 300 Takatsuka, Manamatsu, Shizuoka 432-8611 Japan.

4.    Defendant, GENERAL MOTORS OF CANADA LIMITED (hereinafter "GM Canada" or "Manufacturer"), is a Canadian company, located at 1908 Colonel Same Drive, Main Mailing Dept. CA 1-002-002, Oshawa, Ontario LIH, 8P7 Canada.

-1-

5.    Plaintiff, Michealla Huggett, is the mother and next friend of                    age 7

at the time of the accident which is the subject of this action.                    was

a passenger in the right front seat of plaintiff's Geo Metro which was being driven

by Richard Huggett at the time of the accident.

6.    CAMI, GM CANADA, and SUZUKI (hereinafter "Manufacturers"), were at all

times relevant to this lawsuit engaged in the business of designing,

manufacturing, assembling, inspecting, testing, distributing, importing, marketing,

and selling motor vehicles and their restraint systems, including, but not limited

to, the Geo Metro series of automobiles and its related restraint systems, which

includes the specific 1997 Geo Metro and its restraint system which are the

subject of this action.  The Manufacturers do business in the United states and in

the State of Nebraska.

7.    On May 15, 2007, at about 4:06 p.m. a 1997 Geo Metro driven by Richard

Huggett was southbound on Highway 385 in Chadron, Dawes County, Nebraska.

A 1998 Ford F-150 pickup driven by Matt Miller was westbound on 6th Avenue.

After stopping at the stop sign at the intersection of 6th Avenue and Highway 385,

the 1998 F-150 pickup proceeded into the intersection, pulling in front of the 1997

Geo Metro.  The front end of the Geo Metro struck the right rear bumper of the

1998 Ford F-150 pickup.  The airbags of the 1997 Geo Metro deployed as a

result of this low severity collision.                    was injured by the deployment

of the airbag into his head and body.

8.    As a direct and proximate result of the negligence of the defendant

Manufacturers or defective design and operation of the occupant restraint

system,                    suffered permanent personal injuries which required medical treatment and expenses to date and which will occasion the incurring of medical expenses in the future. In addition,                    experienced pain, suffering, disability, humiliation, embarrassment, worry, and mental distress.

9.     A properly designed restraint system consists of complementary components, which include, but are not limited to, items such as steering wheel, steering column, instrument panel, safety cage, dashboard padding, roof rail padding, roof header padding, pillar padding, knee bolsters, head rests, air bag inflators, air bags, modules, covers/doors, seats, sensors, algorithms, belts, load limiters, locking retractors, pretensioners, glazing, labels, warnings, and instructions.

## FIRST CAUSE OF ACTION

## AGAINST THE MANUFACTURERS

### (Negligence)

10.    Paragraphs 1 through 11 are incorporated herein as if fully set forth.

11.    The defendants, CAMI, SUZUKI, and GM CANADA, hereinafter referred to as "Manufacturers" were negligent in the design, manufacture, assembly, inspection, testing, distribution, and sale of the airbag and restraint system in the 1997 Geo Metro in which              was a front right seat passenger at the time of the aforementioned accident. Manufacturers were negligent in one or more of the following ways:

a.     In manufacturing, supplying, and selling a motor vehicle without a proper and adequate airbag and restraint system to protect a child of the size and weight and other characteristics of a child such as

-3-

b.      In failing to include tethers in the passenger side airbag;

c.      In failing to include a multi-staged deployment restraint system for the passenger side, including airbag and pretensioners;

d.      Utilizing a restraint sensor system which included inadequate numbers of sensors, inadequate types of sensors, inadequate locations for sensors, insufficient device output pins, an inadequate algorithm, and improper mounting of sensors;

e.      In setting the deployment threshold for the passenger side airbag at too low a level;

f.      In failing to provide a pretensioner and failing to include one in a reasonable restraint deployment strategy;

g.      In failing to recall or retrofit the vehicle in question with a non-defective airbag and restraint system;

h.      In providing a passenger side airbag with a dangerous excursion distance, creating an unreasonable risk of injury;

i.      In providing a passenger side airbag with a dangerous deployment path, creating an unreasonable risk of injury;

j.      In producing a dangerously aggressive passenger airbag;

k.      In producing a passenger airbag sensor system which does not deploy the airbag until the passenger is inside the airbag danger zone;

l.      In providing a poorly designed seatbelt restraint, without pretensioners, internal safety components and adjustable upper anchors;

m.      In failing to provide adequate warnings or instructions to foreseeable users

-4-

such as the plaintiff as to what measures could be taken to avoid the hazards and risks of the restraint system that was provided, or how to properly and adequately protect a child of the size, weight, and other characteristics of one such as                    from the hazards of the restraint system provided;

n.    In failing to provide adequate warnings or instructions to foreseeable users such as the plaintiff as to dangers inherent in the restraint system.

12.   The negligence of the defendant Manufacturers was a proximate cause of the injuries and damages suffered by

## SECOND CAUSE OF ACTION

## AGAINST THE MANUFACTURERS

## (Strict Liability)

13.   Paragraphs 1 through 14 are incorporated herein as if fully set forth herein.

14.   The 1997 Geo Metro and its restraint system, in the vehicle in which                    was a passenger were in a defective condition when they left the possession and control of the defendant Manufacturers and were unreasonably dangerous to users.

15.   The 1997 Geo Metro and its airbag and restraint system were products defendant Manufacturers expected to and which did reach plaintiff as a user without substantial change in the condition in which they were sold.

16.   The defendant Manufacturers are strictly liable to the plaintiff as follows:

a.    The passenger side airbag was defective due to inadequate tethering;

b.    The passenger side restraint system was defective for lacking adequate

warnings;

c.    The passenger side restraint system was defective for lacking adequate
        instructions;

d.    The passenger side restraint system was defective for lacking a multi-
        stage deployments capability, including the airbag and a pretensioner;

e.    The restraint sensing system was defective in that it was not adequate to
        properly discriminate between low and higher speed accidents;

f.    The restraint sensing system was defective in that it was not adequate to
        timely deploy the airbag and restraint system;

g.    The airbag and restraint system was defective in that it would not properly
        protect a child of the size, weight, and other characteristics of one like


h.    The passenger side airbag and restraint system was defective in that it
        would deploy at an unreasonably low speed;

i.    The passenger side airbag and restraint system was defective in that its
        excursion distance was dangerous to the foreseeable class of occupants;

j.    The passenger side airbag and restraint system was defective in that its
        deployment path was dangerous to the foreseeable class of occupants;

k.    The seatbelt system was defectively designed;

l.    The airbag and restraint system was defectively designed;

m.    The seatbelt did not have an adjustable upper anchor;

n.    In failing to provide adequate warnings or instructions to foreseeable users
        such as the plaintiff as to what measures could be taken to avoid the

-6-

hazards and risks of the airbag and restraint system that was provided, or how properly and adequately to protect a child of the size, weight, and other characteristics of one such as ⠀⠀⠀⠀ from the hazards the airbag and restraint system provided.

17. The defective conditions made the 1997 Geo Metro, including its restraint system, unreasonably dangerous and these conditions were a proximate cause of the injuries and damages sustained by

## DAMAGES AND INJURIES

18. As result of defendant MANUFACTURERS' actions, inactions, and negligence, ⠀⠀⠀⠀ suffered numerous injuries, harms, and damages including burns to his face, abrasions to his face and ear, laceration on his face, broken wrist, and an injury to his brachial plexus, resulting in nerve root separation and complete loss of sensation in and use of his right arm.   has endured surgery to graft nerves from his leg to his brachial plexus with negligible success. He has Horner's syndrome.   is not able to use his right arm or hand. He has phantom pain that is excruciating. All of these disabilities and limitations are permanent. The plaintiff has incurred medical expenses for ⠀⠀⠀⠀ and will continue to incur medical expenses for him into the future.

WHEREFORE plaintiff prays for a judgment against defendant Manufacturers for ⠀⠀⠀⠀ for past medical expenses in the amount of at least $111,000.00, future medical expenses, lost income capacity, loss of enjoyment of life, mental anguish and pain and suffering, past, present, and future, and such other relief as the Court may deem just and equitable.

-7-

MICHEALLA HUGGETT, Individually and as
Mother and Next Friend Of
A Minor, Plaintiff,

By: _____

Michael J. Javoronok, NSBA #27027
Monte L. Neilan, NSBA #21186
Kristine R. Cecava, NSBA #15267
JAVORONOK & NEILAN
2425 Circle Drive, Suite 100
Scottsbluff, NE  69631
Phone:  (308) 630-0808
 Fax:  (308) 630-0771
Email: mjjlaw@aol.com

And

Stephen E. Van Gaasbeck
Attorney at Law
5511 I-10 West, Suite 2
San Antonio, Texas 78201
Phone:  210/924-9294
Fax:  210/921-1973

-8-

