

```
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
NOV 17 2010
OFFICE OF THE CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHEALLA HUGGETT, Individually as Mother and Next Friend of L. H., a minor child,<br><br>Plaintiff(s),<br><br>vs.<br><br>CAMI-AUTOMOTIVE, INC., SUZUKI MOTOR CORPORATION, GENERAL MOTORS OF CANADA, LIMITED,<br><br>Defendant(s). | Case No. 7:10-cv-5006 |

### AGREED PROTECTIVE ORDER

AND NOW, this 17th day of November, 2010, it is hereby ORDERED and DECREED that:

(A)  Certain documentary information to be produced by the Defendants General Motors of Canada Limited, Suzuki Motor Corporation and CAMI Automotive Inc. ("Defendants") will be produced to Plaintiff's counsel subject to the provisions of this Order.

(B)  Documentary information obtained in discovery from Defendants which has not been designated as confidential is not subject to this Order.

(C)  Defendants may designate material they produce as "Confidential" or "Subject to Protective Order". Prior to designating any materials as "Confidential" or "Subject to Protective Order", the Defendants are required to make a good faith effort to determine that the material is entitled to protection. Confidential documents will include only those documents and information containing a trade secret or confidential business information, including confidential

1

research, development or commercial information; engineering drawings and design information; engineering specifications and performance objectives and considerations; testing documentation and information; proprietary manufacture and assembly information; confidential and proprietary meeting minutes, memoranda, and communications; and other confidential design, development, manufacture, assembly and supply information. In any proceeding to determine whether any document is entitled to protection as a Confidential document under applicable law, the fact that this agreement was made will have no weight in the decision to extend protected status to the documents and the burden of proving any protected status remains upon the party bearing that burden under existing Nebraska law. In the event that any party disagrees with a Defendant's designation of any item as Confidential and subject to this Order, that party shall, no later than thirty (30) days prior to trial, send a notice to the Defendant's counsel specifying the items in question. For any document which the Defendant wishes to continue to protect as confidential, Defendant shall file a motion within 14 days of receipt of the notice seeking a determination of the document's status under applicable law and stating the reasons it should be provided confidential status. Any such items specifically identified in Defendant's motion shall continue to be treated as confidential and subject to this Order until such time as this Court rules upon the Defendant's motion.

(D) Except with prior written consent of the Defendants or upon order of the Court, or as otherwise provided herein, the designated confidential documents or information contained therein may be shown, disseminated or disclosed by a Receiving Party only to the following persons:

1) The receiving party's counsel of record in this case, including other members of counsels' law firm, including employees, subject to the provisions of paragraph (I) below;

2) Experts and consultants retained by the Receiving Party for the preparation, or trial of this case, provided, however, that no confidential information shall be disseminated to any expert or consultant (i) who is an employee of a direct business competitor (i.e., in the business of automobile design, manufacturing, sales, or service) of the party producing the information; or (ii) who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of such business competitor;

3) Counsel of Record, or attorneys actively investigating and pursuing claims for individuals who are involved in litigation against Defendants in which it is alleged that a front seat occupant in a 1995-1998 Geo/Metro coupe, 1995-1998 Suzuki Swift coupe, or 1995-1998 Pontiac Firefly coupe, suffered personal injury as a defect of the air bag system or restraint system; provided such disclosure is not otherwise restricted by Nebraska law, or otherwise prohibited by the terms of this Protective Order;

4) The Court, the court staff, witnesses and the jury in this case, after compliance with the provisions of paragraph (L) below;

5) Mediators or Arbitrators; and

3

6)  Entities to whom disclosure is required by applicable law. In the event disclosure is intended to be made under this section (D)(6), the undersigned will provide fourteen (14) days written advance notice to the undersigned counsel of record for Defendants.

(E)  Any recipient of confidential material shall not disclose the information to any other person to whom disclosure is not authorized by the terms of the Protective Order and shall not use the information for purposes other than preparation of this action for trial, except for those who receive documents subject to paragraph (D)(3), who may use such documents for the evaluation and/or prosecution of their claim. Any recipient of documents subject to this Order shall ensure that its confidential status is maintained. This provision will not apply to documents or information which was designated as Confidential but was subsequently determined to not be entitled to protection by order of this Court; or to disclosure ordered by the Court;

(F)  Before receiving access to any of the protected documents or the information contained therein, any recipient of designated Confidential information shall be advised of the terms of this Order, shall be given a copy of this Order and shall agree in writing, by signing a copy of this order, to be bound by its terms and subject to the jurisdiction of this Court. A person receiving confidential material under paragraphs (D)(2) or (D)(3) shall not make further disclosure or dissemination of the material, unless it no longer retains confidential status pursuant to written consent of Defendants or order of this Court. The Receiving Party's counsel shall maintain and furnish to counsel for Defendants at the conclusion of the litigation, including appeals, or if during the course of this action there is a good faith claim that there has been a violation of this order, a list or description of which protected documents have been disclosed to each recipient. Disclosure in this list of any consulting expert shall not effect the privilege

4

relating to disclosure of consulting experts. Defendants agree that any inquiry made to a consulting expert related to this Order will be related to the enforcement of this Order.

(G) A document subject of this Order may be used in the taking of depositions. However, such documents and the statements contained in the documents shall remain subject to the provisions of this Order. A document subject to this Order may be marked as an exhibit to a deposition, but it will not be attached to the deposition transcript as an exhibit or lose its status as a protected document. Further, additional portions of a deposition may be designated by Defendants as subject to this Order and as confidential. Defendants shall have 15 days after receipt of the transcript in any form to designate portions of a transcript as confidential.

(H) All documents generated by Defendants claimed to be subject to this Order as Confidential shall be treated as authenticated business records under Nebraska law and/or Federal Rule of Evidence 803(6) without further proof, testimony or affidavits, but objections to admissibility on grounds of relevance or otherwise are preserved.

(I) Counsel for Plaintiff agrees that anyone working in his offices to whom confidential information is transmitted will familiarize themselves with the terms of this Protective Order, and be instructed that they are bound by the Order just as Plaintiff's counsel is bound by the Order.

(J) Plaintiff's counsel may make copies of the documents and other materials produced for use by Plaintiff's counsel, consultants and experts; provided, however, that any such copies, the original copies provided under this Order and designated Confidential and any copies provided to any other person are retrieved by Plaintiff's counsel and are returned to Defendants' counsel within thirty (30) days from the entry of a final judgment or other final resolution of this matter. Cost of mailing will be borne by Defendants.

(K)  Any recipient of confidential information under this Order shall not advertise that they have the specifics of any confidential information obtained from Defendants through discovery in this case, and which is subject to this Order whether described specifically or generally. Neither the documents covered by this Order nor the substantive information contained therein shall be cited, quoted or otherwise disclosed in any publication or oral presentation by Plaintiff, Plaintiff's counsel, technical consultants and/or experts.

(L)  **PROCEDURES FOR FILING OF DOCUMENTS DESIGNATED AS CONFIDENTIAL, OR FOR USE AT TIME OF TRIAL.**

   1) NOTICE OF INTENT TO FILE. Before any party other than the party originally producing a document (i.e., a non-producing party) submits to or files with the Court or Clerk any document or information designated as Confidential in connection with any motion or hearing, the non-producing party must give the producing party written notice of such intent to submit or file. The Confidential information to be submitted or filed shall be identified with specificity, in order to allow the producing party to file a motion for protective order. Nothing in this Order shall be deemed to require prior notice of the non-producing party's intent to use Confidential documents at any deposition or at the actual trial of this cause.

   2) RESTRICTED ACCESS FILING. All documents that are filed with the Court that contain any portion of any document designated as Confidential or information taken from any document designated as Confidential shall be electronically filed with restricted access in accordance with NECivR 5.0.3.

6

3)  Prior to the attempted introduction of any designated confidential document in to evidence at the time of trial, the party seeking admission of any such confidential document shall notify opposing counsel and seek a determination from the Court regarding the terms and conditions for any such evidentiary use.

_____
COUNSEL FOR PLAINTIFF

11-17-10
Date

_____
COUNSEL FOR DEFENDANTS, GENERAL MOTORS, L.L.C., SUZUKI MOTOR CORPORATION AND CAMI AUTOMOTIVE INC

11-17-10
Date

SIGNED AND ENTERED this 17th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE